NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 06-CV-120-HRW

JAMES WOOD                                                                             PETITIONER

VS:            **MEMORANDUM OPINION AND ORDER**

BRIAN PATTON, WARDEN                                                     RESPONDENT

James Wood ("Wood") is a prisoner incarcerated at the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"), and he has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 1]. This matter is before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).

As Wood is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**I.      BACKGROUND**

In his petition, Wood indicates that on October 5, 2005, Robert Jeffries, one of several cellmates, began trying to convince Wood and others to switch bed assignments with him. At some

point the conversation became heated, and Jeffries threw a book at Wood which hit him in the upper body. Wood responded by hitting Jeffries in the neck with an open hand.

A disciplinary hearing regarding the incident was held on October 13, 2005. At the hearing Wood admitted these basic facts. The Disciplinary Hearing Officer ("DHO") found Wood guilty of the infraction of fighting, and sentenced Wood to spend 15 days in disciplinary segregation and disallowed 27 days of good time credit. Jeffries received some penalty, but it did not include the loss of any good time credit.

Wood filed a grievance on October 13, 2005, complaining that his punishment should be equal to Jeffries', because Jeffries had started the fight and he was only acting in self defense. Wood's grievance was denied at all levels, culminating in the final denial by the Central Office on March 7, 2006. In his petition, Wood asserts that the unequal punishment violates his right to equal protection under the law as guaranteed by the Fifth Amendment and constitutes cruel and unusual punishment in violation of his rights under the Eighth Amendment.

## II. DISCUSSION

Wood's equal protection claim must fail. Wood does not allege that he was treated unequally on the basis of his membership in a protected class, nor would the facts in his petition permit such a claim. *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990). Absent such an allegation, the government actions at issue "will pass muster if they are reasonably related to a legitimate government interest." *Taxpayers United v. Austin*, 994 F.2d 291, 297 (6th Cir. 1993) (*citing Moore v. City of East Cleveland*, 431 U.S. 494, 498 (1971)). In the present case, Wood's actions were demonstrably more violent than Jeffries', providing the DHO with a rational basis to respond to his actions with more severity. Wood cannot "make out a violation of his equal

2

protection rights simply by showing that other inmates were treated differently." *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992). Wood's petition fails to state an equal protection claim.

Nor does Wood's 15-day stay in disciplinary segregation constitute "cruel and unusual punishment." The Eighth Amendment prohibits penalties that are grossly disproportionate to the offense. *Weems v. United States,* 217 U.S. 349, 367 (1910). But absent proof that he was denied "the civilized measure of life's necessities" while in segregation, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), spending 15 days in segregation in insufficient to constitute "cruel and unusual punishment" as a matter of law. *See, e.g., Merchant v. Hawk-Sawyer*, 2002 WL 927026 (6th Cir. 2002) (unpublished disposition) (federal prisoner's 16-month stay in administrative detention pending disciplinary charges was not "cruel and unusual punishment" absent evidence that he was denied basic human needs).

**III.   CONCLUSION**

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)   Petitioner Wood's petition for a writ of habeas corpus is **DENIED.**

(2)   The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This January 24, 2007.



Signed By:
Henry R Wilhoit Jr.
United States District Judge